**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JARED SZERENSCI and<br>SCOTT A. FURLONG, JR., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MAGISTRATE DANIEL C. SHIMSHOCK,<br>COMMONWEALTH OF PENNSYLVANIA<br>MAGISTERIAL DISTRICT COURT 14-3-02,<br>individually; MASONTOWN BOROUGH,<br>and ROY A. DOWDELL, Administrator of<br>the Estate of Patrick Sean Dowdell, deceased, | )   Civil Action No. 20-1296<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiffs Jared Szerensci and Scott A. Furlong, Jr. allege claims under 42 U.S.C. § 1983

for Fourteenth Amendment Due Process violations against Defendants Magisterial District Judge

Daniel C. Shimshock and Commonwealth of Pennsylvania Magisterial District Court 14-3-02 (the

"Court Defendants") and Defendant Masontown Borough ("Defendant Borough").   (*See* Docket

No. 20).   Plaintiffs also assert a negligence claim against Defendant Roy A. Dowdell,

Administrator of the Estate of Patrick Sean Dowdell, who is deceased.[1]   Presently before the

Court are Defendant Borough's Motion to Dismiss Amended Complaint Pursuant to Federal

Rule of Civil Procedure 12(b)(6) and the Court Defendants' Motion to Dismiss Plaintiffs'

---

[1]       Defendant Dowdell executed a waiver of service of summons on September 19, 2020.   (Docket No. 10).
By executing that document, he acknowledged his understanding that a judgment may be entered against him if he did
not answer the Complaint or otherwise plead within 60 days of September 3, 2020.   (*See id.*).   Thereafter, no attorney
entered an appearance on behalf of Defendant Dowdell, and he did not answer or otherwise plead in response to the
Complaint or the subsequently filed Amended Complaint, although the docket does not indicate whether he was
served with the Amended Complaint.

Amended Complaint, both of which are opposed by Plaintiff. (Docket Nos. 22-29). After careful consideration of the parties' arguments in light of the prevailing legal standards, Defendants' Motion will be granted. The claims in the Amended Complaint asserted against Magisterial District Court 14-3-02 will be dismissed with prejudice, and the claims asserted against Judge Shimshock and Defendant Borough will be dismissed without prejudice to amendment by Plaintiffs to the extent they are able to state a plausible claim for relief as more specifically discussed herein.

## II.   BACKGROUND

As alleged in Plaintiffs' Amended Complaint,[2] on September 19, 2018, Plaintiff Szerensci was in Judge Shimshock's office in the municipal building of Defendant Borough, and Plaintiff Furlong was present with his son who was scheduled to appear before Judge Shimshock, when Patrick Sean Dowell, who also was present for a scheduled hearing, opened fire and injured several individuals, including Plaintiffs. (Docket No. 20, ¶¶ 16-17, 19, 25-28). Plaintiff Szerensci sustained a gunshot wound to his left calf, and Plaintiff Furlong suffered a gunshot wound to his left wrist. (*Id.*, ¶¶ 26-27, 29(a), 30(a)).

According to Plaintiffs, Dowell was appearing for a hearing in connection with an incident involving charges of aggravated assault, terroristic threats, strangulation, simple assault and harassment against his wife. (Docket No. 20, ¶ 20). Dowdell's wife supposedly reported to the police that he threatened to kill her and anyone else he had to in order to prevent a divorce.

---

2       Plaintiff Szerensci initiated this action on September 1, 2020 by filing a Complaint against the Court Defendants, Defendant Borough and Defendant Dowdell. The case originally was assigned to the Honorable Robert J. Colville, but subsequently was re-assigned to this member of the Court. (Docket No. 9). Plaintiff Furlong initiated an action on September 16, 2020 against the same Defendants at Civil No. 20-1401, which was assigned to the Honorable David S. Cercone. Defendant Borough then filed a motion to consolidate Civil No. 20-1401 with this case, which Judge Cercone granted. (*See* Civil No. 20-1401, Docket Nos. 9, 21). After the cases were consolidated, Plaintiffs filed an Amended Complaint, which is the operative pleading. (Docket No. 20).

(*Id.*, ¶ 21).   Plaintiffs allege that the Court Defendants and Defendant Borough "either knew or should have known" of Dowdell's propensity for violence and the threats he made against his wife and others.   (*Id.*, ¶ 22).   Plaintiffs further allege that, despite this knowledge, the Court Defendants and Defendant Borough "affirmatively adopted a practice, custom or policy of allowing visitors access to the municipal building without being adequately screened for weapons."   (*Id.*, ¶¶ 23, 36, 54).   In so doing, Plaintiffs aver that Defendants failed to train their employees "to handle the usual and recurring situations with which they must deal, such as visitors attempting to enter the municipal building with weapons."   (*Id.*, ¶¶ 37, 55).

Plaintiffs assert claims against the Court Defendants and Defendant Borough under 42 U.S.C. § 1983 for violation of Fourteenth Amendment Due Process as a result of an adopted practice, custom or policy (Counts I and III, respectively) and as a result of a state created danger/special relationship (Counts II and Count IV, respectively).   (Docket No. 20, ¶¶ 32-67). Plaintiffs also assert a state law negligence claim against Defendant Dowdell (Count V).   (*Id.*, ¶¶ 68-70).   Finally, Plaintiffs allege that they are entitled to an award of punitive damages because Defendants supposedly "acted with deliberate indifference and in a conscience shocking manner at all relevant times."   (*Id.*, ¶ 71).

The Court Defendants and Defendant Borough each have moved to dismiss Plaintiffs' Amended Complaint.   (Docket Nos. 22, 24).   The Court Defendants argue that Plaintiffs' Fourteenth Amendment claims against them are barred by Eleventh Amendment immunity, and they are not "persons" subject to suit under 42 U.S.C. § 1983.   (Docket No. 25 at 2-4). Defendant Borough contends that dismissal is warranted because Count III of the Amended Complaint fails to state a "practice, custom or policy" claim under the Fourteenth Amendment's Due Process Clause, and Count IV fails to state a "state created danger/special relationship"

3

claim.   (Docket No. 23 at 5-14).   Plaintiffs filed Responses opposing Defendants' Motions. (Docket Nos. 28, 29).   The matter is now ripe for disposition.

**III.**   **STANDARD OF REVIEW**

   **A.**   **Motion to Dismiss Pursuant to Rule 12(b)(1)**

   Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim."   *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).   Jurisdictional challenges may be treated as either "facial" or as "factual."   *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).   A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present."   *Id.* at 358.   A facial attack "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint."   *Id.* (citation omitted).   Conversely, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'"   *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Constitution Party of Pa.*, 757 F.3d at 358).

   Here, the Court Defendants make a facial challenge, arguing that Eleventh Amendment immunity bars Plaintiffs' claims. [3]   When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."   *Gould*

---

3       A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because it "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."   *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).

*Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *In re Schering Plough*, 678 F.3d at 243).

### B.  Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### IV.   DISCUSSION

As an initial matter, 42 U.S.C. § 1983 does not create any substantive rights, but rather provides a remedy for deprivations of rights created by the Constitution or federal law. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

5

under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In this case, Plaintiffs assert that the Court Defendants and Defendant Borough deprived them of their Fourteenth Amendment Due Process rights "to be free from State occasioned and/or created harm to their bodily integrity and human dignity" as a result of an adopted practice, custom or policy and as a result of a state created danger/special relationship.   (Docket No. 20, ¶¶ 34, 43, 52, 61).

### A.  <u>Court Defendants</u>

The Court Defendants argue that Plaintiffs' § 1983 claims asserting Fourteenth Amendment Due Process violations against them are barred by Eleventh Amendment immunity, and the Court Defendants are not "persons" subject to suit under § 1983.   (Docket No. 25 at 2-4).   Plaintiffs disagree, asserting that the Court Defendants are not protected by Eleventh Amendment immunity because they were both sued in their individual capacity, and therefore they should be considered "persons" under § 1983.   (Docket No. 28 at 3-5).   For reasons that follow, the Amended Complaint, as pled, indicates Plaintiffs' intention to sue the Court Defendants in their official capacity, not their individual capacity, thus Plaintiffs' claims against them are barred by the Eleventh Amendment.

The Eleventh Amendment bars suits against a state in federal court.   U.S. CONST. amend. XI.   "Suits against state officials in their official capacity [ ] should be treated as suits against the State."   *Hafer v. Melo*, 502 U.S. 21, 25 (1991).   Therefore, a claim against an officeholder of the Commonwealth of Pennsylvania in his official capacity essentially is a claim against the Commonwealth, which is barred by Eleventh Amendment immunity.   *Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012).

The Third Circuit Court of Appeals has ruled that the state courts comprising

6

Pennsylvania's unified judicial system, which include the courts of common pleas, are entitled to Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005). Magisterial district courts are also a part of Pennsylvania's unified judicial system and are entitled to Eleventh Amendment immunity. *See Richardson v. Wilkinsburg Police Dep't*, Civ. No. 16-0129, 2016 WL 4141084, at *3 (W.D. Pa. Aug. 4, 2016) (citing 42 PA. CONS. STAT. § 301(9); *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000)). Pennsylvania has not waived Eleventh Amendment immunity from suit in federal court,[4] and Congress has not abrogated this immunity in enacting 42 U.S.C. § 1983. *Conklin*, 495 F. App'x at 263 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998); 42 PA. CONS. STAT. § 8521(b)).

Thus, to the extent Plaintiffs' Amended Complaint attempts to assert a § 1983 official capacity claim against Judge Shimshock, any such claim is, in essence, against the Magisterial District Court, also a named Defendant, which is an entity entitled to Eleventh Amendment immunity. As such, the Court Defendants are protected by Eleventh Amendment immunity, and, any official capacity claim against them will be dismissed for lack of subject-matter jurisdiction.

Because suit against the Court Defendants in their official capacity is barred by the Eleventh Amendment, the Court next considers whether Plaintiffs have properly pled claims against the Court Defendants in their individual capacities, as Plaintiffs contend in response to

---

4       Pennsylvania specifically has withheld consent to suit in federal court. *See* 42 PA. CONS. STAT. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

the Motion to Dismiss.  *See Hafer*, 502 U.S. at 23 ("state officials sued in their individual capacities are 'persons' for purposes of § 1983," thus the Eleventh Amendment does not bar an individual capacity suit against a state official).[5]   Before proceeding to this analysis, however, the Court first observes that Plaintiffs' claims against Defendant Magisterial District Court 14-3-02 in an individual capacity are barred because Magisterial district courts, which are a part of Pennsylvania's unified judicial system, are not "persons" who may be sued under § 1983. *See Callahan*, 207 F.3d at 670–73 (holding that the Warrant Division of the First Judicial District and Municipal Court Eviction Unit are state government entities which are not "persons" under 42 U.S.C. § 1983).   Accordingly, Counts I and II will be dismissed with prejudice as to Defendant Magisterial District Court 14-3-02.

The Court now turns to the individual/official capacity analysis as it pertains to Judge Shimshock.   "To determine whether a plaintiff sued a defendant in his personal capacity, official capacity, or both, [the Court must] look to the complaint and the course of proceedings." *Atwell v. Schweiker,* 274 F. App'x 116, 118 (3d Cir. 2007).   "A mere invocation of 'individual capacity' in a complaint is not necessarily determinative on whether a plaintiff sued the defendant in his personal capacity if it is clear that the substance of the allegations is against the defendant for actions taken in his official capacity."   *Moyer v. Aramark*, No. 18-cv-02267, 2019 WL 1098951, at *5 (E.D. Pa. Mar. 7, 2019) (citing *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 270 (1997) ("The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading.")).   Courts have found individual capacity claims where the plaintiff sued the official only and not the state.   *See Atwell*, 274 F. App'x at

---

5       Although *Hafer* recognized that a state official sued in his individual capacity is a "person" for § 1983 purposes, a state official sued in his official capacity is not a "person" under § 1983 and therefore, cannot be held liable under that statute.   *Will*, 491 U.S. at 71.

118 (citing *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991)).   On the other hand, "[a] factor that weighs toward a finding of official capacity is the implication of a policy or custom that leads to a violation of federal law."   *Woodson v. Prime Care Med., Inc.*, Civ. No. 12–cv–04919 2013 WL 247372, at *4 (E.D. Pa. Jan. 23, 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).   Courts also consider whether the defendant has raised a qualified immunity defense, which signifies an understanding that the plaintiff seeks to sue the defendant in his individual capacity.   *See Atwell*, 274 F. App'x at 118 (citing *Melo,* 912 F.2d at 636) (recognizing that raising defense of qualified immunity, which is only available when governmental officials are sued in their personal capacity, shows a defendant's understanding of individual capacity claim)).   Finally, a request for punitive damages can signify an individual capacity suit, because such damages cannot be recovered in an official capacity suit.   *See id.* (citing *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988)).

Here, the Court acknowledges that the caption of Plaintiffs' Amended Complaint references "Magistrate Daniel C. Shimshock; Commonwealth of Pennsylvania Magisterial District Court 14-3-02, ***individually***."   (Docket No. 20 at 1) (emphasis added).   However, as explained, including "individually" in the case caption is not determinative of the capacity in which a defendant is sued.   *Moyer*, 2019 WL 1098951, at *5.   Likewise, the Court does not find dispositive Plaintiffs request for punitive damages because other notable factors indicate that this is not an individual capacity suit.   *See Butch v. Morales*, Civ. No. 15-2514, 2016 WL 5341748, at *5 (E.D. Pa. Sept. 23, 2016) (determining that request for punitive damages did not establish individual capacity suit where the plaintiff failed to allege that any of the named defendants acted in personal capacity).   For instance, Plaintiffs have sued both the Commonwealth of Pennsylvania Magisterial District Court 14-3-02, as well as Judge Shimshock,

which indicates an intention to sue Judge Shimshock in his official capacity, not his individual capacity. *See Atwell*, 274 F. App'x at 118.   Moreover, the Amended Complaint alleges that the Court Defendants adopted and/or maintained a "practice, custom or policy" that supposedly led to the violation of their Fourteenth Amendment rights, (*see* Docket No. 20, ¶¶ 23-24, 36, 45, 47), which further weighs in favor of finding that Plaintiffs sued Judge Shimshock in his official capacity, and not his individual capacity as they now assert.   *See Woodson*, 2013 WL 247372, at *4.   Additionally, Plaintiffs allege that, at all relevant times, Judge Shimshock "was acting within the course and scope of his employment with the Magistrate Court," (Docket No. 20, ¶ 11), which further demonstrates Plaintiffs intention to sue him in his official capacity.   Finally, Judge Shimshock did not respond to Plaintiffs' Amended Complaint in a manner that shows he understood that the suit was against him in his individual capacity, given that he did not raise any personal immunity defense which would be available in an individual capacity suit.   *See Atwell*, 274 F. App'x at 118 (citing *Melo,* 912 F.2d at 636).

For these reasons, the Court concludes that Plaintiffs' § 1983 claims as pled against Judge Shimshock (and Magisterial District Court 14-3-02 had it not already been dismissed as discussed above) demonstrate Plaintiffs' intention to proceed with an official capacity suit, only. When read as a whole, the allegations in Plaintiffs' Amended Complaint describe actions taken by the Court Defendants in their official roles and do not contain factual allegations suggesting that the Court Defendants acted in an individual capacity.   Because the § 1983 claims are brought against the Court Defendants in their official capacity only, the Eleventh Amendment bars those claims, and Counts I and II will be dismissed for lack of subject-matter jurisdiction. As discussed, Counts I and II will be dismissed with prejudice as to Magisterial District Court 14-3-02, and without prejudice to amendment by Plaintiffs to the extent they are able to plausibly

allege an individual capacity claim under 42 U.S.C. § 1983 for a Fourteenth Amendment Due Process violation against Judge Shimshock.[6]

### B. **Defendant Borough**

Plaintiffs allege Fourteenth Amendment Due Process claims against Defendant Borough for injury as a result of an adopted practice, custom or policy (Count III) and as a result of a state created danger/special relationship (Count IV).   The Fourteenth Amendment provides, in relevant part, that a state shall not "deprive any person of life, liberty, or property, without due process of law. . . ."   U.S. CONST. amend. XIV, § 1.   The substantive component of the Due Process Clause protects an individual's liberty interest in personal bodily integrity.[7]   *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citations omitted).   Here, Plaintiffs claim that they possessed a liberty interest "to be free from State occasioned and/or created harm to their bodily integrity and human dignity."   (Docket No. 20, ¶¶ 52, 61).   They allege that their liberty interest was violated when they were shot and injured by Patrick Sean Dowdell, which occurred because Defendant Borough "affirmatively adopted an official practice, custom or policy of allowing visitors access to the municipal building without being adequately screened for weapons . . . ."   (*Id.*, ¶¶ 25-27, 54, 63).   Plaintiffs further allege that, in adopting this

---

6       If a civil rights complaint is vulnerable to dismissal, the district court must permit a curative amendment, unless amendment would be inequitable or futile.   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).   This directive equally applies to *pro se* plaintiffs and those represented by counsel.   *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).   In this case, the Court notes that the shortcomings identified with respect to Plaintiffs' Due Process violation claims against Defendant Borough discussed below likewise would apply to such claims against Judge Shimshock in his individual capacity.   Nevertheless, the Court will permit Defendants to file a Second Amended Complaint to the extent they are able to state a plausible individual capacity claim against Judge Shimshock for violation of Due Process.

7       Due process under the Fourteenth Amendment contains both a procedural and substantive component; however, only the substantive component is at issue here.   Although the Amended Complaint alleges that Plaintiffs "possessed substantive and procedural due process rights to be free from State occasioned and/or created harm to their bodily integrity and human dignity which are protected by the United States Constitution," (Docket No. 20, ¶¶ 52, 61), it contains no allegations implicating Plaintiffs' procedural due process rights.

official practice, custom or policy, Defendant Borough failed to train its employees to handle visitors attempting to enter the municipal building with weapons.   (*Id.*, ¶ 55).

Defendant Borough contends that Plaintiffs' claims against it should be dismissed because Count III fails to state a "practice, custom or policy" claim under the Fourteenth Amendment's Due Process Clause, and Count IV fails to state a "state created danger/special relationship" claim.   (Docket No. 23 at 5-14).

### 1. Practice, Custom or Policy Claim

The Amended Complaint alleges that Defendant Borough "affirmatively adopted a practice, custom or policy of allowing visitors access to the municipal building without being adequately screened for weapons."   (Docket No. 20, ¶¶ 23, 54).   Defendant Borough submits that the thrust of Plaintiffs' claim for injury as a result of an adopted practice, custom or policy as alleged in Count III is that it failed to protect Plaintiffs from acts of private violence committed by Patrick Sean Dowdell at the municipal building by failing to screen those who entered the building.   (Docket No. 23 at 10-11).   Defendant Borough argues that such a claim does not constitute a substantive Due Process violation under *DeShaney* and its progeny.   (*Id.* at 5-12).

Plaintiffs respond that Defendant Borough's "official policy" of allowing visitors into the municipal building without being screened for weapons forms the basis of their practice, custom or policy claim.   (Docket No. 29 at 5).   Alternatively, if the Court finds that "the alleged practice, custom or policy was based on inaction, this inaction . . . still give[s] rise to a practice, custom or policy claim" because failure to train can give rise to such a claim, and failure to implement adequate security screening is analogous thereto.   (*Id.*).   Therefore, Plaintiffs

submit that they have stated a claim against Defendant Borough for "its practice, custom or policy of failing to adequately screen visitors for weapons."   (*Id.*).

In *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989), the Supreme Court held that the Due Process Clause does not impose an affirmative duty on the state to protect its citizens from private harms.   As the Third Circuit Court of Appeals has explained, "*DeShaney* stands for the proposition that the Due Process Clause imposes no affirmative duty to protect a citizen who is not in state custody."   *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006).   In view of this authority, Defendant Borough is correct that it "had no affirmative duty under the Fourteenth Amendment to provide a particular level of protection or security to [Plaintiffs] . . . when accessing the Borough building." (Docket No. 23 at 11).

Nonetheless, Plaintiffs still maintain that they have plausibly alleged against Defendant Borough a practice, custom or policy claim, which is commonly referred to as a *Monell* claim. In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court held that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies," and municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."   *Id.* at 690.   A *Monell* claim requires a plaintiff to: (1) identify a municipality's policy, custom, or practice that deprived him of his constitutional rights; (2) demonstrate that the municipality acted deliberately and was the moving force behind the deprivation; and (3) establish that his injury was caused by the

13

identified policy or custom.   *Bell v. City of Philadelphia*, 629 F. App'x 214, 216 (3d Cir. 2015)

(citing *Monell*, 436 U.S. at 690–92).

      After careful review of the Amended Complaint, the Court finds that Plaintiffs have

failed to state a plausible *Monell* claim.   As to the first element of a *Monell* claim, a

municipality's policy is a "statement, ordinance, regulation, or decision officially adopted and

promulgated by" the governing body's officers.   *Monell*, 436 U.S. at 690.   In accordance with

*Monell*, policy is made when a "decisionmaker possess[ing] final authority to establish municipal

policy with respect to the action" issues an official proclamation, policy, or edict.   *Pembaur v.*

*City of Cincinnati*, 475 U.S. 469, 481 (1986).   In the absence of an official policy, a

municipality may also face § 1983 liability "for constitutional deprivations visited pursuant to

governmental 'custom' even though such a custom has not received formal approval through the

body's official decisionmaking channels."   *Monell*, 436 U.S. at 690–91.   A custom is a

practice "not [ ] formally approved by an appropriate decisionmaker" but "so widespread as to

have the force of law."   *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404

(1997).

      With respect to Defendant Borough, Plaintiffs allege that it "affirmatively adopted an

official practice, custom or policy of allowing visitors access to the municipal building without

being adequately screened for weapons."   (Docket No. 20, ¶ 54).   Plaintiffs do not otherwise

plead any facts in their Amended Complaint relating to this alleged practice, custom or policy.

Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is

insufficient to state a claim for § 1983 liability under *Monell*.   *See McTernan v. City of York*,

564 F.3d 636, 658 (3d Cir. 2009) (concluding that the plaintiff did not adequately allege a policy

or custom where he alleged that his rights were violated "due to the City's policy of ignoring

First Amendment right[s]"); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (holding that "vague assertions" of a policy or custom, without more, are insufficient to establish a *Monell* claim*)*; *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) (a *Monell* claim cannot survive a motion to dismiss where it simply recites the necessary *Monell* elements, but contains no factual support as to a policy, custom, or policymaker responsible for the alleged constitutional violation).

Putting aside Plaintiffs' failure to plausibly allege a policy, custom or practice, to the extent Plaintiffs' claim alleged in Count III is premised on a failure to train,[8] the claim fares no better.   As the Third Circuit Court of Appeals has cautioned, "[e]stablishing municipal liability on a failure to train claim under § 1983 is difficult."   *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997).   A government entity's failure to adequately train its employees can establish a § 1983 claim only if the deficient training reflects a deliberate indifference to an individual's civil right that is "closely related to the ultimate injury."   *City of Canton v. Harris*, 489 U.S. 378, 391 (1989).   "Failure to train . . . municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

An exception to this rule in the single-violation theory.   *See Berg*, 219 F.3d at 276 (citing *Bryan County*, 520 U.S. at 409).   "To find deliberate indifference from a single-incident violation," the risk of injury must be a "highly predictable consequence" of the municipality's failure to train and supervise its employees.   *Thomas v. Cumberland County*, 749 F.3d 217, 225

---

8       Plaintiffs allege in the Amended Complaint that Defendant Borough "failed to train, supervise, control, assign or equip its employees to handle the usual and recurring situations with which they must deal, such as visitors attempting to enter the municipal building with weapons."   (Docket No. 20, ¶ 55).

(3d Cir. 2014) (quoting *Connick v. Thompson*, 563 U.S. at 51, 64 (2011)).   Thus, "[l]iability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an [employee] lacking specific tools to handle that situation will violate citizens' rights.' " *Id.* at 223-24 (quoting *Bryan County*, 520 U.S. at 409).   As the Third Circuit Court of Appeals has explained, to establish liability on a failure to train claim under § 1983, Plaintiffs "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred."   *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (quoting *Reitz*, 125 F.3d at 145).

Plaintiffs fail to plausibly allege a *Monell* failure to train claim under either a pattern-of-violations theory or under a single-violation theory.   First, Plaintiffs do not allege a pattern of violations.   The paragraph alleging deficient training does not mention any other individuals whose rights were supposedly violated because of Borough employees' deficient training.   (*See* Docket No. 20, ¶ 55).   Because the facts pled in the Amended Complaint describe a single incident involving only these Plaintiffs, they do not state a *Monell* claim under a pattern-of-violations theory.

Plaintiffs likewise fail to adequately plead a *Monell* claim under a single-violation theory. The Amended Complaint does not allege that the need for the Borough to provide specific training in order to avoid the alleged constitutional injury they suffered was highly predictable. Additionally, the Amended Complaint does not identify a failure to provide specific training that has a causal nexus with their injuries.   *Gilles*, 427 F.3d at 207 n.7; *Durham v. City of Philadelphia*, Civ. No. 20-3944, 2020 WL 6940021, at *4 (E.D. Pa. Nov. 25, 2020) ("[A] civil rights plaintiff suing under *Monell* may defeat a municipality's motion to dismiss by specifically

16

alleging the type of training the municipality failed to provide and the predictability of the consequences of this failure.").   Rather, Plaintiffs only broadly allege that Defendant Borough failed to train its employees "to handle the usual and recurring situations with which they must deal, such as visitors attempting to enter the municipal building with weapons."   (Docket No. 20, ¶ 55).   For all of these reasons, Plaintiffs have failed to plead a *Monell* claim against Defendant Borough, and Count III will be dismissed without prejudice to amendment by Plaintiffs to state a plausible claim for relief.

## 2. State-Created Danger Claim

Plaintiffs also allege a state-created danger claim against Defendant Borough.   As discussed, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals, *see DeShaney*, 489 U.S. at 198-200, but the state-created danger doctrine provides an exception to this general rule.[9]   *Sanford v. Stiles*, 456 F.3d 298, 303–04 (3d Cir. 2006).   A state-created danger claim requires a plaintiff to plead the following elements: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.   *Bright*, 443 F.3d at 281 (internal citations and quotations omitted).

---

[9]      The Third Circuit Court of Appeals has emphasized that "the state-created danger doctrine [is] a narrow exception to the general rule that the state has no duty to protect its citizens from private harms."   *Henry v. City of Erie*, 728 F.3d 275, 286 (3d Cir. 2013).

While Defendant Borough summarily contends that Plaintiffs are unable to establish the four elements of a state created danger theory, (*see* Docket No. 23 at 14), it specifically argues that Plaintiffs have failed to allege the fourth element that the Borough acted affirmatively in a way that created a danger to them or that rendered them more vulnerable to danger than had it not acted at all.   (*See id.* at 12-14)   In advancing its argument as to the fourth element, Defendant Borough points out that "the gravamen of the Amended Complaint is inadequate screening of visitors at the municipal building, an allegation of an inaction or omission by the Borough," not an allegation of an affirmative act.   (*Id.* at 14).

Plaintiffs disagree and argue that they have pled sufficient facts to establish affirmative action by Defendant Borough by alleging that the Borough "affirmatively adopted a practice, custom or policy of allowing visitors access to the municipal building without being adequately screened for weapons."   (Docket Nos. 20, ¶ 23; 29 at 8).   According to Plaintiffs, "[w]hile carrying out the policy may involve inaction in the form of inadequate security, the official implementation of the practice, custom or policy is an affirmative act on [the Borough's] part." (Docket No. 29 at 8).   Contrary to Plaintiffs' position, the Court concludes that they have not plausibly alleged that Defendant Borough affirmatively acted to place them in danger.

"[A] state's failure to take affirmative action to protect a victim from the actions of a third party will not, in the absence of a custodial relationship . . . support a civil rights claim." *Bright*, 443 F.3d at 282 (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1100-01 (3d Cir. 1990)). Accordingly, "[i]t is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."   *Id.; see also B.W. v. Career Tech. Ctr. of Lackawanna County,* 422 F. Supp. 3d 859, 898 (M.D. Pa. 2019) ("[I]n order to establish the fourth element of a state-created danger claim, the plaintiff must identify 'an affirmative action, rather than inaction or

18

omission.'") (quoting *Phillips*, 515 F.3d at 236).   As such, for Plaintiffs' state-created danger claim to survive, they would have to plausibly allege that Defendant Borough "affirmatively used [its] authority in a way that created a danger to [Plaintiffs] or that rendered [Plaintiffs] more vulnerable to danger than had the [Borough] not acted at all."   *Bright*, 443 F.3d at 281.

Plaintiffs' Amended Complaint does not plausibly allege that to be the case here.   To reiterate, "the governing rule is that there can be no liability in the absence of an affirmative exercise of state authority."   *Bright*, 443 F.3d at 284.   Although Plaintiffs allege that Defendant Borough "affirmatively" adopted a practice, custom or policy of allowing visitors access to the municipal building without being adequately screened for weapons, the gravamen of their Amended Complaint, as Defendant Borough notes, is inadequate screening of visitors who enter the municipal building, which implicates the Borough's alleged failure to act. Plaintiffs have attempted to convert the Borough's alleged inaction (that is, failing to screen for weapons) into an affirmative act creating a dangerous situation for Plaintiffs by claiming that an alleged practice, custom or policy concerning same was "affirmatively adopted."   (Docket No. 20, ¶¶ 23, 63).   The Third Circuit Court of Appeals has cautioned, however, that "merely restating the Defendants' inaction as an affirmative failure to act does not alter the passive nature of the alleged conduct," *Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir. 2013), and therefore "has repeatedly rejected attempts by plaintiffs to redefine clearly passive inaction as affirmative acts." *Lansberry v. Altoona Area Sch. Dist.*, 318 F. Supp. 3d 739, 755 (W.D. Pa. 2018) (internal quotation marks and citations omitted)   Moreover, it is not enough for the state to exercise its authority, there must also be "a direct causal relationship between the affirmative act of the state and the plaintiff's harm," such that the action "was the 'but for cause' of the danger faced by the plaintiff."   *Kaucher v. County of Bucks*, 455 F.3d 418, 432 (3d Cir. 2006).   Here, Plaintiffs

have failed to plead facts to support an inference that Defendant Borough took an *affirmative action,* as opposed to failing to act, which was the but for cause of the danger they faced.   Given that Plaintiffs have failed to plausibly allege an affirmative use of state authority that created a danger to them, the state-created danger claim alleged in Count IV will be dismissed without prejudice to amendment by Plaintiffs.

## V.   CONCLUSION

For reasons set forth herein, Defendants' Motions to Dismiss (Docket No. 22 and 24) are granted.   Plaintiffs' claims against Defendant Magisterial District Court 14-3-02 are dismissed with prejudice, and their claims against Defendants Shimshock and Borough are dismissed without prejudice to amendment by Plaintiffs to the extent they are able to state a plausible § 1983 claim for a Fourteenth Amendment Due Process violation.   Should Plaintiffs decline to amend their federal claims, those claims will be dismissed with prejudice and their state negligence claim against Defendant Dowdell will be dismissed without prejudice to their ability to bring that claim in state court.[10]

An appropriate order follows.

s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

Date:   September 30, 2021

cc/ecf:  All counsel of record

---

[10]     Defendant Dowdell did not answer or move to dismiss Plaintiffs' Amended Complaint.   Nevertheless, the only basis for the Court to consider Plaintiffs' negligence claim asserted against Defendant Dowdell is under supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.   Section 1367 states, in pertinent part, that "[t]he district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."   28 U.S.C. § 1367(c)(3).   "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."   *Borough of W. Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995).   In this instance, if Plaintiffs do not elect to amend their federal claims, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' state negligence claim and will dismiss it without prejudice to their ability to bring that claim in state court.